Interim Decisión #1638

· MATTER OF LEGER

In· Deportation Proceedings

A–14689836

*Decided by Board August 25, 1966*

:Since adjustment of status pursuant to section 245, Immigration and Na-
. tionality Act, as amended, is discretionary in nature and since respondent
has not established that his case merits the exercise of such discretion,
there is no necessity to determine whether respondent, who is engaged in
the fruit peddling business, is exempt from the presentation of a certifica-
tion issued by the Secretary of Labor under section 212(a)(14) of the Act.

-CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmi-
grant, remained longer.

This is an appeal from the decision of the special inquiry officer
-finding the respondent deportable as charged, denying the applica-
tion for adjustment under section 245, and granting voluntary de-
parture. The appeal will be dismissed.

The respondent is a 31-year-old married male, native of Tonga and
citizen of Great Britain. He was admitted to the United States at
Honolulu, Hawaii, as a visitor for pleasure, on May 31, 1965, with
٬ permission to remain until November 30, 1965. On June 30, 1965,
he submitted an application for adjustment to permanent resident
status. His application was denied on October 13, 1965, and he
-was given until November 12, 1965, to depart. He remained beyond
-that time without authority and has conceded deportability on the
charge contained in the order to show cause.

At the deportation hearing, the respondent·renewed his applica-
tion for section 245 adjustment. The respondent has no immediate
family in the United States, his wife and three children·being resi-
dents of Tonga. When respondent applied for his visitor's visa, he
indicated that his purpose in coming to the United States was "Holi-
.day", but he has testified that his main purpose in coming–to the

United States was to see if he could remain permanently. Whatever investment respondent has made in the fruit peddling business (the material submitted on appeal does not indicate what portion was invested by respondent and what portion by his partner) was concededly made after the hearing, at which the special inquiry officer had rendered his oral decision denying the application.

The granting of adjustment is discretionary, and is not automatic upon the establishment of eligibility. There must be outstanding equities, in a general meritorious case, to warrant it. (Cf. *Matter of Ortiz-Prieto*, Int. Dec. No. 1508.) Respondent has not presented a picture that merits the favorable exercise of discretion in his behalf. There is therefore no need to consider whether the character of the peddling business in which respondent has engaged meets the conditions required for the exemption of the respondent from the presentation of a labor certification.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.